

**NOT FOR PUBLICATION**



FILED

MAR 1 0 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-16856-A-13 |
| JOHN A. KUTUMIAN and<br>RENEE C. KUTUMIAN | DC No. PLF-2 |
| Debtor. / | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MOTION OF DEBTORS TO VALUE COLLATERAL OF
FRESNO COUNTY FEDERAL CREDIT UNION**

A hearing on the motion of the debtors to value the collateral of Fresno County Federal Credit Union (the "Credit Union") was held February 4, 2010. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

The sole issue at the hearing was the value of the Credit Union's real property collateral, located at 1478 W. Minarets Ave., Fresno, California (the "Property"). This matters because there is a first deed of trust on the Property in the amount of $336,000. The Credit Union has a junior deed of trust in the amount of $24,903.53. If the Property has a value less than is

owed to the senior deed of trust holder, the Credit Union is entirely unsecured, and the debtor may treat the Credit Union as an unsecured creditor in its Chapter 13 Plan of Reorganization.

The parties filed a Statement of Undisputed Facts describing the location and ownership of the Property, the amount of the senior deed of trust, and the amount of the junior deed of trust in favor of the Credit Union.

The Credit Union asserts that the value of the Property is $365,000, while the Debtors ask the court to find that the value of the Property is $325,000.

Barbara Radcliffe testified as an expert witness on behalf of the Credit Union, and Daniel Cox testified as an expert witness on behalf of the Debtors. Additionally, John Kutumian, one of the debtors, testified about his opinion of the value of the Property.

Both Radcliffe and Cox utilized the comparable sales method to arrive at a value. Except for one comparable sale, all of the sales they chose to analyze were different. In general, Cox opined that the Property was worth less because of its location in an average subdivision. Radcliffe opined that the Property was worth more because of the significant improvements the Debtors have made.

Radcliffe described the neighborhood this way:

> "The subject is located in northwest Fresno near the cross streets of N. Fruit Ave. and West Herndon Ave. Homes in the greater neighborhood range in age, quality and size, while homes in the immediate area are production homes. This location offers easy access to River park Shopping Center - a large regional shopping center, employment and Freeway 41."

Cox described the neighborhood this way:

> "The subject is located in an established northwest Fresno neighborhood of average quality dwellings showing predominately average maintenance levels. Schools, employment, and other services are located within a reasonable distance. Area of average stability."

Radcliffe described the market conditions this way:

> "The market at this time is stabilizing, the days on market has increased slightly but this is historically typically [sic] for the last quarter of the year. Tax incentives are being offered and sales activity and prices ave [sic] been strong. Conventional and FHA financing is prevalent with seller. concessions typical for closing costs of 3-5% of sales price. Increase in prices are modest.

Cox described the market conditions this way:

> "Market conditions are soft and loan discounts, buy downs, and concessions are prevalent in new construction or resales. Financing is readily available at reasonable rates. Typical sales with 6% +/- of listing price with typical marketing time of less than 6 months for properties priced at market. Typical exposure time is estimated at 1-6 months. Per local multiple listing service, property values are relatively stable with balance of supply verses demand."

As noted earlier, Cox and Radcliffe chose only one comparable sale in common. The date of that sale was October 22, 2009, and the location of the sale was 2119 W. Fir Avenue. This was the only comparable sale that, like the Property here, is on the north side of Herndon Avenue.

Also as stated above, both appraisers agreed that the Property had been "over improved." That is, that Debtors had added significant improvements to the Property that brought it into a condition better than the houses near it. Radcliffe describes the improvements this way:

> "The subject is a 1977 built home that has had extensive interior and exterior remodeling. The front elevation has been changed, and a second story has been added over the garage. There is a new oak double entry door, remodeled kitchen with quality granite counter tops with rolling

edges, up graded and new appliances hood, crown moldings, tile floors and maple cabinets. The quality of the kitchen remodeling is [sic] rivals expensive custom homes. There is a new large gas fireplace in the family room, and remodeled master bathroom. Hall bathroom is original. Upstairs game room has a full bathroom."

Cox was concerned about the size of the Property. He shows the Property as having a smaller square footage than does Radcliffe because he was unable to determine that permission had been obtained for a smaller than usual setback. He used the public record information of 2,542 square feet for the Property. Radcliffe, on the other hand, showed the Property as having a gross living area of 3,161 square feet. If you add back the square footage that Cox deducted of 315 square feet, his total square footage is 2,857 square feet.

The various discrepancies between the two appraisals come down primarily to the location versus improvements. A review of how the two appraisers treat the comparable sale at 2119 W. Fir Avenue is both illustrative and indicative of the court's findings and conclusions about the value of the Property.

The 2119 W. Fir Avenue property sold for $360,000. To come up with a comparable equivalent price for the Property in question, Radcliffe deducted $18,000 for location and Cox deducted $36,000.

Radcliffe added $40,000 for condition, while Cox added $15,000. Radcliffe subtracted $4,500 for actual age, while Cox added $2,500.

Radcliffe added $3,250 for gross living area, while Cox subtracted $16,110 for gross living area.

Radcliffe subtracted $5,000 for a garage/carport, while Cox

subtracted $3,000.

Radcliffe subtracted $5,000 for roof, while Cox did not appear to consider this item.

Cox also added $5,000 for additional amenities and $6,500 for additional improvements.

At the end of all the additions and subtractions in comparing the Property here to the 2119 W. Fir Avenue property, Radcliffe concluded that the adjusted sales price based on the comparable was $359,950, while Cox concluded that it was $328,365.

The court is persuaded by the testimony that the location of residential property is extremely important when determining its fair market value. The court is further persuaded that the best way to estimate fair market value of a residential single family home is the comparable sales approach.

The court finds that Cox's adjustment of $36,000 for location was appropriate. Location is tremendously important.

Radcliffe added $40,000 for condition, while Cox added $15,000 for condition, $2,500 for age, and $11,500 for additional improvements. The court is more persuaded by Cox's views here. The improvements that have been added to the Property are important, but given the location, they are not as important as Radcliffe suggests.

Cox subtracts $16,110 for gross living area, while Radcliffe adds $3,250. The difference between the comparable sale on West Fir Avenue and the Property here in terms of gross living area is impossible to estimate with any degree of accuracy. This is because the Cox appraisal reports that the comparable sale has

3,079 square feet and thus subtracts $16,110 in arriving at the comparable price, because he estimates the Property here as having 2,542 square feet. In contrast, Radcliffe shows the gross living area of the Property here at being 3,161 square feet and the gross living area of the Fir Avenue Property as being 2,804 square feet and then adds in $14,250. Because of these inconsistencies, the court declines to make any adjustments to the value based on the different in gross living area.

The court finds and concludes, based on the above, that the fair market value of the Property here is $345,475. The court starts with the $360,000 sale price of the Fir Avenue property. The court then makes the following adjustments:

- subtracts $36,000 for the difference in location
- subtracts $2,025 for the difference in site (the Fir Avenue property is on a larger site than is the Property here)
- adds $2,500 for age
- adds $15,000 for condition
- subtracts $2,500 for functional utility, based on the fact that the Fir Avenue property has five bedrooms and the Property here has four
- subtracts $3,000 based on the fact that the Fir Avenue property has a three car garage and the Property here has a two car garage
- adds $5,000 for additional amenities
- adds $6,500 for additional improvements

Using these calculations, based on a thorough review of the two appraisals and a finding that the most similar property is the Fir Avenue property, the court finds and concludes that the

fair market value of the Property here is $345,475.

With this finding, the value of the Property exceeds the amount of the first deed of trust.

A separate order will issue.

DATED: 3/10/10

_____
WHITNEY RIMEL
United States Bankruptcy Judge

Case 09-16856  Filed 03/10/10  Doc 74

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF FRESNO     )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721. On 3-10, 2010, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Gabriel Waddell, Esq.
Peter L. Fear, Esq.
7750 N. Fresno St., #101
Fresno, CA 93720-1145

Russell W. Reynolds, Esq.
7100 N. Financial Dr., Suite 105
Fresno, CA 93720

Deanna Hazelton, Esq.
Office of the Chapter 13 Trustee
P. O. Box 28950
Fresno, CA 93729-8950

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on 3-10, 2010, at Fresno, California.

_____Kathy Torres_____
Kathy Torres, PLS